■ SAUL WEPRIN, as Temporary Receiver of FRESTON REALTY CORP., Respondent, v. FIRST NATIONAL CITY BANK, Appellant.— Order of the Supreme Court, Queens County, dated September 12, 1966, reversed insofar as appealed from, with $10 costs and disbursements, and defendant's motion for summary judgment dismissing plaintiff's second cause of action granted, without costs. In our opinion, plaintiff wholly failed to raise any triable issue of fact with respect to the second cause of action. Beldock, P. J., Christ, Rabin and Munder, JJ., concur; Ughetta, J., not voting.

■ In the Matter of KATHERINE B. MACCARO, an Attorney, Respondent. BAR ASSOCIATION OF NASSAU COUNTY, NEW YORK, INC., Petitioner.— Respondent was admitted to practice as an attorney and counselor at law by this court on June 28, 1950, under the name of Katherine Butzgy Maccaro. On June 22, 1966, the Grievance Committee of the Bar Association of Nassau County, New York, Inc., conducted a hearing upon a complaint by a former client of respondent. The complaint was generally to the effect that respondent had negligently omitted to take action in behalf of the client in three certain matters. Evidence was presented not only in support of those charges but also to establish that respondent had failed to answer communications to her, concerning the complaint, from the Grievance Committee and an attorney representing respondent's former client. Respondent's testimony at the hearing did not refute the complaint or the fact of respondent's failure to answer the communications. At the conclusion of the hearing, the Grievance Committee voted to recommend that a disciplinary proceeding be instituted against respondent on the basis of the complaint and respondent's failure to answer the communications. Thereafter, on January 12, 1967, this court received an undated letter from respondent in which she tendered her resignation as a member of the Bar. The letter was accompanied by further explanatory matter, viz., a letter from an attorney acting for respondent, dated January 11, 1967, and a report by a physician dated December 16, 1966. Respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that respondent's name be struck from the roll of attorneys and counselors at law, effective January 30, 1967. Beldock, P. J., Ughetta, Christ, Brennan and Rabin, JJ., concur.